IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

STEVEN DAWAYNE WILLIS,

            Plaintiff,

    v.

MULTNOMAH COUNTY SHERIFF'S
OFFICE; MULTNOMAH COUNTY
SHERIFF'S OFFICE; and MULTNOMAH COUNTY,

            Defendants.

Case No. 3:21-cv-01895-JR

ORDER

RUSSO, Magistrate Judge.

Plaintiff, an adult in custody at the Multnomah County Inverness Jail, brings this civil rights action pursuant to 42 U.S.C. § 1983. Pursuant to an Order entered this date, the Court granted plaintiff's Application to Proceed *In Forma Pauperis*. For the reasons set forth below, plaintiff must file an Amended Complaint and, further, the Court denies plaintiff's Motion for Appointment of Counsel.

## BACKGROUND

Plaintiff names as defendants in this action the Multnomah County Sheriff's Office and Multnomah County.[1] Plaintiff alleges he was received into custody by the Sheriff's Office on June

---

[1] In the caption of his Complaint plaintiff lists the Multnomah County Sheriff's Office twice; at page two he includes two different addresses, one of which is the Sheriff's headquarters and the

26, 2021, from the Portland Police Bureau, and held in custody until his arraignment on June 29, 2021. He alleges no affidavit of probable cause was officially filed until June 28, 2021. Plaintiff remains in custody, presumably on the charges for which he was arraigned. Plaintiff alleges this action violated his rights under the Constitution and under state law. By way of remedy, plaintiff seeks money damages, as well as expungement of his criminal records and an injunction restraining defendants from "ever holding him in custody in the future." Plaintiff also moves for appointment of counsel.

## STANDARDS

A district court must dismiss an action initiated by a prisoner seeking redress from a governmental entity or officer or employee, if the Court determines that the action (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief. See 28 U.S.C. §§ 1915(e)(2) & 1915A(b). When a plaintiff is proceeding pro se, the court must construe the pleadings liberally and afford the plaintiff the benefit of any doubt. Erickson v. Pardus, 551 U.S. 89, 94 (2007). Moreover, before dismissing a pro se civil rights complaint for failure to state a claim, the court supplies the plaintiff with a statement of the complaint's deficiencies. Karim-Panahi v. Los Angeles Police Dept., 839 F.2d 621, 623-24 (9th Cir. 1988); Eldridge v. Block, 832 F.2d 1132, 1136 (9th Cir. 1987). A pro se litigant will be given leave to amend his or her complaint unless it is clear that the deficiencies of the complaint cannot be cured by amendment. Karim-Panahi, 839 F.2d at 623; Lopez v. Smith, 203 F.3d 1122, 1130-31 (9th Cir. 2000).

---

other the jail.

**DISCUSSION**

## I.    Complaint

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated; and (2) that the alleged violation was committed by a person acting under the color of state law.   See West v. Atkins, 487 U.S. 42, 48 (1988).   A plaintiff must also allege that he suffered a specific injury as a result of a particular defendant's conduct and that an affirmative link exists between the injury and the violation of his rights.   See Monell v. Dep't of Social Servs., 436 U.S. 658 (1978); Rizzo v. Goode, 423 U.S. 362, 371-72, 377 (1976).

As an initial matter, plaintiff names as defendants the Multnomah County Sheriff's Office and Multnomah County, but does not allege facts that would establish municipal liability.   See Monell, 436 U.S. at 690-91.   A municipal entity is liable under § 1983 only if the plaintiff alleges his constitutional injury was caused by employees acting pursuant to the municipality's policy or custom; a municipality may not be held vicariously liable under § 1983 simply based on the allegedly unconstitutional acts of its employees.   Mt. Healthy City Sch. Dist. Bd. Of Ed. v. Doyle, 429 U.S. 274, 280 (1977); Board of Cty. Comm'rs v. Brown, 520 U.S. 397, 403 (1997).

The constitutionality of post-arrest incarceration is analyzed under the Fourteenth Amendment.   See Rivera v. County of Los Angeles, 745 F.3d 384, 390 (9th Cir. 2014); Lee v. City of Los Angeles, 250 F.3d 668, 683-85 (9th Cir. 2001) (separately analyzing the initial arrest under the Fourth Amendment and the post-arrest incarceration under the Fourteenth Amendment). The Fourteenth Amendment protects against deprivations of liberty accomplished "without due process of law."   Baker v. McCollan, 443 U.S. 137, 145 (1979).   The Supreme Court has

determined conduct that "shocks the conscience" is cognizable as a due process violation.    Porter v. Osborn, 546 F.3d 1131, 1137 (9th Cir. 2008) (quoting County of Sacramento v. Lewis, 523 U.S. 833, 846 (1998)).    For example, "a detainee has 'a constitutional right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'"    Lee, 250 F.3d at 683 (denying motion to dismiss a plaintiff's substantive due process claim because the plaintiff sufficiently alleged that he was incarcerated for one day when the arresting police officers should have known that he was not the fugitive).

Here, plaintiff fails to allege sufficient facts for the Court to determine whether he remained incarcerated for a period of time after it was determined the charges should be dropped, or when the defendants should have known he was entitled to release.[2]    Accordingly, plaintiff fails to state a cognizable claim for a violation of the Fourteenth Amendment

Moreover, to the extent plaintiff is attempting to challenge ongoing criminal proceedings, principles of comity and federalism weigh against a federal court interfering with ongoing state criminal proceedings by granting injunctive or declaratory relief absent extraordinary circumstances.    Younger v. Harris, 401 U.S. 37, 43-54 (1971).    Plaintiff does not allege any facts establishing circumstances warranting this Court's interference in his ongoing or future state criminal proceedings.

Also, a claim for damages for an allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid is not cognizable under § 1983, "unless and until the conviction or sentence is reversed,

---

[2] In fact, the Court notes that plaintiff remains in custody pending prosecution of criminal charges in Multnomah County Circuit Court Case No. 21CR30759.  See Lee v. City of Los Angeles, 250 F.3d 668, 689 (9th Cir. 2001) (court may take judicial notice of matters of public record).

expunged, invalidated, or impugned by the grant of a writ of habeas corpus." Heck v. Humphrey, 512 U.S. 477, 487 (1994). Heck has also been applied to pretrial detainees and to claims arising out of pending charges. Alvarez-Machain v. United States, 107 F.3d 696, 700–701 (9th Cir. 1996); see also Cabrera v. City of Huntington Park, 159 F.3d 374, 380 (9th Cir. 1988) (Heck barred plaintiff's false arrest and imprisonment claims until conviction was invalidated); Smithart v. Towery, 79 F.3d 951, 952 (9th Cir. 1996) (Heck barred plaintiff's claims that defendants lacked probable cause to arrest him and brought unfounded charges against him). However, the Supreme Court has announced that the Heck rule bars an action only if there is an existing conviction. See Wallace v. Kato, 549 U.S. 384, 393 (2007).

In Wallace, the Supreme Court held that *Heck* does not encompass the principle that "an action which would impugn an anticipated future conviction cannot be brought until that conviction occurs and is set aside." Id. Instead of requiring dismissal of civil claims filed in the shadow of an impending criminal case under Heck, the Supreme Court noted that if a plaintiff files a § 1983 false arrest claim before he is convicted, or "any other claim related to rulings that likely will be made in a pending or anticipated criminal trial, it is within the power of the district court, and in accord with common practice, to stay the civil action until the criminal case or the likelihood of a criminal case is ended." Id. at 393-94. If the plaintiff is then convicted, and the stayed civil suit would impugn that conviction, Heck then requires dismissal. Id. Otherwise, the case may proceed. Id.

Because it is not clear from the face of the Complaint whether plaintiff has been convicted of a crime, and because plaintiff does not allege that any such conviction has been invalidated, to

the extent plaintiff alleges his current confinement results from his alleged unconstitutional detention, plaintiff's Complaint is subject to dismissal.

To the extent plaintiff alleges claims for relief under state law, although the Court may exercise supplemental jurisdiction over state law claims, the Court may decline to exercise supplemental jurisdiction over a claim if the court has dismissed all claims over which it has original jurisdiction.   28 U.S.C. § 1367(c)(3).   As discussed above, plaintiff's Complaint fails to state a plausible federal claim for relief.   If plaintiff fails to file an Amended Complaint which cures the deficiencies noted, plaintiff's state law claims will be dismissed as well.   See United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 726 (1966).

Finally, the Court notes that the claims alleged in plaintiff's Complaint are very similar to those alleged in another pending case, Willis v. Multnomah County Sheriff's Office, Case No. 3:21-cv-01881-JR, in which plaintiff has been ordered to file an Amended Complaint.   A plaintiff has no right to have two pending cases based on identical facts.   See Tripati v. First Nat'l Bank & Trust, 821 F.2d 1368, 1370 (9th Cir. 1987) (dismissing as frivolous claim arising out of the same series of events and alleging the same facts as another pending action); see also Boag v. McDougall, 454 U.S. 364, 365 n.1 (1982) (§ 1915(d) gives district court broad discretion to take judicial notice of previously filed civil rights actions); Hernandez v. Denton, 861 F.2d 1421, 1425 (9th Cir. 1988), rev'd on other grounds, 112 S.Ct. 369 (1992) (in forma pauperis plaintiff has no right to bring repetitive or duplicative claims).   Accordingly, plaintiff is cautioned that this action will be dismissed if the Amended Complaint fails to state a claim separate from those alleged in his other pending case.

II.    **Motion for Appointment of Counsel**

Plaintiff moves for a court-appointed attorney.    Generally, there is no constitutional right to counsel in a civil case.    United States v. 30.64 Acres of Land, 795 F.2d 796, 801 (9th Cir. 1986).    However, under 28 U.S.C. § 1915(e), this Court has discretion to request volunteer counsel for indigent parties in exceptional circumstances.    Wood v. Housewright, 900 F.2d 1332, 1335 (9th Cir. 1990); Wilborn v. Escalderon, 789 F.2d 1328, 1331 (9th Cir. 1986).    While this Court may request volunteer counsel in exceptional cases, it has no power to make a mandatory appointment.    Mallard v. United States Dist. Ct. of Iowa, 490 U.S. 296, 301-08 (1989).

In order to determine whether exceptional circumstances exist, this Court evaluates the party's likelihood of success on the merits and the ability of the party to articulate his or her claim *pro se* in light of the complexity of the legal issues involved.    Wood, 900 F.2d at 1335-36. However, "[n]either of these factors is dispositive and both must be viewed together before reaching a decision on request of counsel under [former] section 1915(d)."    Wilborn, 789 F.2d at 1331.

It is not appropriate to appoint counsel under 28 U.S.C. § 1915(e) when the Court determines a Complaint should be dismissed under 28 U.S.C. §§ 1915(e)(2) and 1915A(b). Accordingly, the Court denies plaintiff's motion for appointment of counsel.

## CONCLUSION

Based on the foregoing, IT IS ORDERED that plaintiff must file an Amended Complaint, curing the deficiencies noted above, within 30 days of the date of this Order.    Plaintiff is advised that failure to file an Amended Complaint, or failure to cure the deficiencies noted above, shall result in the dismissal of this proceeding.

IT IS FURTHER ORDERED that plaintiff's Motion for Appointment of Counsel (ECF No. 3) is DENIED.

IT IS SO ORDERED.

DATED this ___24th___ day of February 2022.

                  ___/s/ Jolie A. Russo_____
                  Jolie A. Russo
                  United States Magistrate Judge

8  - ORDER